# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DROPKICK CUSTOMS, LLC<br>a Florida Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD JONES, an Individual<br>Defendant. | Civil Action No. 8:20-cv-00803 |

## COMPLAINT FOR DECLARATORY JUDGMENT
## OF NON-INFRINGEMENT OF TRADEMARK

Plaintiff, DROPKICK CUSTOMS, LLC, a Florida Limited Liability Company, corporation, alleges upon information and belief, as follows:

### NATURE OF ACTION, PARTIES, AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201, with subject matter jurisdiction based upon a federal question pursuant to 28 U.S.C. §1331.

2. Plaintiff, Dropkick Customs, LLC ("Plaintiff"), is a Florida limited liability company, having its principal place of business in Tampa, Florida, and having an office at 13215 North Nebraska Avenue, Suite A, Tampa, Florida 33612.

3. Upon information and belief, Richard Jones, ("Defendant"), is an individual formerly doing business as Dropkick Customs, LLC, a dissolved Tennessee limited liability company. Upon information and belief, Defendant resides in Kentucky.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2).

5. Subject matter jurisdiction is proper in this Court as a result of a federal question relating to the United States trademark laws, 15 U.S.C. §1051 et seq., pursuant to 28 U.S.C. §1331. Jurisdiction is also proper pursuant to 28 U.S.C. § 1338(a) in that this civil action arises under an Act of Congress relating to trademarks. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 in that the parties are each citizens of different states and the amount in controversy exceeds the statutory threshold.

6. This Court has personal jurisdiction over Defendant. Defendant purposely directed his activities into this jurisdiction by demanding that Plaintiff "cease and desist" from using Plaintiff's brand, including demanding Plaintiff cease using Plaintiff's brand in this jurisdiction.

**BACKGROUND**

7. Plaintiff is a custom motorcycle and motorcycle parts shop located in Tampa, Florida.

8. Plaintiff launched its custom motorcycle part and accessory business out of its office in Tampa in late 2019.

9. Plaintiff specializes in ground up builds, air-ride systems, stereo installations, and parts development.

10. Plaintiff is the owner of United States Federal Trademark Application No. 88/839,950 ("the '950 Application") for the mark DROPKICK CUSTOMS. The '950 Application was filed on March 19, 2020 for "customized motorcycle parts and accessories."

11. Plaintiff is the owner of United States Federal Trademark Application No. 88/839,680 ("the '680 Application") for the design mark DROPKICK CUSTOMS. The '680 Application was filed on March 18, 2020 for "customized motorcycle parts and accessories."

12. The '950 and the '680 Applications are hereinafter collectively referred to as "Plaintiff's Marks."

13. Plaintiff operates a brick and mortar retail store in Florida ("Plaintiff's Store").

14. Plaintiff promotes its business online through a number of channels, include its Facebook page, located at https://www.facebook.com/dropkickcustoms/, and YouTube Channel.

15. On information and belief, Defendant was formerly doing business as Dropkick Customs, LLC in Tennessee.

16. On information and belief, Defendant incorporated under the name Dropkick Customs, LLC in the state of Tennessee on June 30, 2016.

17. On information and belief, Dropkick Customs, LLC was administratively dissolved on August 6, 2017.

18. On information and belief, Defendant does not operate any brick and mortar retail stores.

19. On information and belief, Defendant owns and operates the Instagram handle "dropkickcustomsllc" located at https://www.instagram.com/dropkickcustomsllc/?hl=en.  This Instagram handle indicates the address of 270 Bylake Drive, Benton, KY 42025.

20. On information and belief, Defendant operates the Facebook page located at the domain, https://www.facebook.com/Dropkickcustomsllc/.

21. According to Defendant's Facebook and Instagram pages, Defendant is a machine/welding/fabrication shop specializing in one off ornamental iron, motorcycles, custom modifications, parts and limited productions.

22. Pursuant to Defendant's Facebook page, Defendant ceased offering motorcycles and motorcycle parts on or about August 3, 2018.  A screenshot of Defendant's announcement is

below:



23. On information and belief, Defendant is the registrant of the domain, www.dropkickcustoms.com; however, the domain is inactive and is parked with GoDaddy. Current WHOIS information for this domain is attached as Exhibit A.  The WHOIS information indicates Richard Jones as the registrant, and indicates an address of 166 Evergreen Circle, Hendersonville, Tennessee 37075.  The WHOIS information indicates it was last updated on June 6, 2019.

24. On information and belief, Defendant conducts no advertising outside of his Facebook and Instagram page.

25. On information and belief, Defendant does not own any state or federal trademark registrations.

26. After Plaintiff launched its business, Defendant contacted Plaintiff through Plaintiff's Facebook account.

27. On March 18, 2020, Plaintiff communicated with Defendant via electronic mail inquiring about purchasing the domain www.dropkickcustoms.com from Defendant for a fair market price as valued from GoDaddy. Defendant did not respond.

28. On March 31, 2020, Plaintiff sent a follow-up message via electronic mail to Defendant.

29. On March 31, 2020, Defendant responded to Plaintiff via electronic mail declining Plaintiff's offer to purchase the domain and demanding that Plaintiff cease and desist from using Plaintiff's brand.

## CLAIM FOR DECLARATORY JUDGMENT

30. Plaintiff repeats and re-alleges its allegations set forth above in paragraphs 1 – 29, and incorporates by referenced herein.

31. There exists a real and present controversy between the parties as to whether Defendant possesses any trademark rights, including whether Defendant possesses any trademark rights in Florida and elsewhere where Plaintiff is using Plaintiff's Marks.

32. An actual, valid, and justiciable controversy has arisen and exists between Plaintiff and Defendant. Plaintiff desires a judicial determination and declaration that its use of Plaintiff's Marks do not infringe any trademark rights Defendant claims he has. Such determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights.

33. Plaintiff has a reasonable apprehension of imminent litigation to be brought by Defendant as a result of Defendant's direct accusations and claims asserted against Plaintiff.

34. Plaintiff is entitled to use Plaintiff's Marks without interference from Defendant.

35. Plaintiff seeks a declaration from the Court of such non-infringement in order to remove the cloud over its business plans resulting from Defendant's unfounded threats and allegations.

36. Resolution of this dispute will require the Court to construct and interpret provisions of the Lanham Act, as well as Florida State law and common law relating to the parties' respective trademark rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests an entry of judgment against Defendant for the following relief:

A. A declaration that Plaintiff has not infringed Defendant's purported rights, either directly or indirectly;

B. A declaration that Plaintiff's use of Plaintiff's Marks will not infringe Defendant's purported rights, either directly or indirectly;

C. A declaration that Defendant has no trademark rights in the Florida;

D. A declaration that Defendant has no trademark rights outside of Defendant's limited geographic market;

E. A declaration that Plaintiff has superior trademark rights over Defendant in all areas of Florida and the rest of the nation;

F. A declaration that the Florida is not within the natural zone of expansion of Defendant's business;

G. Enjoining Defendant, his partners, employees, agents, attorneys, and anyone acting in concert or participation with any of them, from making any claims that Plaintiff infringes Defendant's purported rights;

H. Enjoining Defendant, his partners, employees, agents, attorneys, and anyone acting in concert or participation with any of them, from enforcing Defendant's purported rights against Plaintiff;

I. A declaration that Plaintiff's Marks, do not infringe Defendant's purported rights;

J. An award of the costs and reasonable attorneys' fees incurred by Plaintiff in connection with this action; and

K. An award of such other and further relief as the Court may deem just and proper.

Date: April 7, 2020

*/s/ Woodrow H Pollack*
Woodrow H. Pollack
Florida Bar No. 26802
Trial Counsel
Shutts & Bowen, LLP
4301 W Boy Scout Blvd
Suite 300
Tampa, FL 33607
(813) 463-4894
wpollack@shutts.com

*Counsel for Plaintiff*